UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry, # 299199, | ) C/A No. 4:13-1947-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| AM Dean, and | ) |
| South Carolina Department of Corrections, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action, filed by the Plaintiff *pro se*, was originally filed in the South Carolina Court of Commons Pleas in Richland County. The case number in state court is 2013-CP-400-997. This case is before the undersigned magistrate judge for all pretrial proceedings pursuant to this Court's Local Civil Rule 73.02(B)(2)(e).

Defendants removed this case to United States District Court, asserting that Plaintiff is alleging "causes of action under the United States Constitution and 42 USC § 1983," which, if true, would show subject-matter jurisdiction over Plaintiff's claims in this Court. ECF No. 1. Review of Plaintiff's state court complaint reveals one use of a phrase often associated with claims under certain federal constitutional amendments ("cruel and unusual punishment"), *id.* Attach. 1, State Compl. 3, and the claim apparently arose in a state prison, however, there are no specific, unambiguous references to any federal statute or treaty, nor are there specific, unambiguous statements about any federal constitutional provision allegedly violated. Instead, Plaintiff specifically couches his allegations in "negligence" and states in his state court complaint: "This action is filed pursuant to 15-78-10 tort claim act." *Id.* Attach 1, State Compl. 4.

Applying the required liberal construction rules applicable to *pro se* litigants, Plaintiff's clear statement that he brought his state court action for "negligence" and pursuant to the South Carolina Torts Claim Act ("SCTCA"), of which S.C. Code § 15-78-10 is a part, renders any passing use in of a phrase or phrases commonly associated with federal constitutional claims ambiguous.

It is well settled federal law in the removal area that removal jurisdiction is to be strictly construed against removal and in favor of remand, *see*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990), and that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *see also Addison v. Charleston County Public Defenders*, NO. CA 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec 08, 2011).

Accordingly, based on the foregoing,

**IT IS ORDERED** that Plaintiff shall clarify to the Court, in writing, within fourteen (14) days of the date of this Order, whether, in his state court complaint, he is only pursing claims under South Carolina state law or if he is pursing any claims under federal law.

If Plaintiff advises the Court that he is *only* pursuing claims under South Carolina law, this case may be remanded to state court. If Plaintiff advises the Court that he is only or also pursuing claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights, this case will progress in this Court in the usual manner.

Defendants may file a response to Plaintiff's response within seven (7) days of the filing of Plaintiff's response in this case.

**IT IS FURTHER ORDERED** that the parties shall disregard the Scheduling Order that was prematurely entered in this case and which is, hereby, vacated. ECF No. 8.

The Clerk of Court is directed to vacate the Scheduling Order currently on the docket and to withhold issuance of any other order in this case based on Defendants' Answer, ECF No. 4, until further direction from the undersigned.

**IT IS SO ORDERED.**

> s/Thomas E. Rogers, III
> Thomas E. Rogers, III
> United States Magistrate Judge

August 26, 2013
Florence, South Carolina

*Plaintiff's attention is directed to the important warning on the next page.*

2

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).