UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry, # 299199, | ) C/A No. 4:13-1947-MGL-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| AM Dean, and<br>South Carolina Department of Corrections, | ) |
| Defendants. | ) |

This pro se case is before the Court for consideration of Plaintiff's Reply to the initial Order issued in this case. ECF Nos. 23, 18. This case is before the undersigned magistrate judge for all pretrial proceedings pursuant to this Court's Local Civil Rule 73.02(B)(2)(e). The time for a response from Defendants has passed without a submission, and the case is now ripe for a decision on whether or not the removal attempted by Defendants is appropriate.

## BACKGROUND

This action was originally filed by Plaintiff *pro se* in the South Carolina Court of Commons Pleas in Richland County. The case number in state court is 2013-CP-400-997. Defendants removed this case to this United States District Court, asserting that Plaintiff is alleging "causes of action under the United States Constitution and 42 USC § 1983," which, if true, would show subject-matter jurisdiction over Plaintiff's claims in this Court. ECF No. 1.

Review of Plaintiff's state court complaint reveals one use of a phrase often associated with claims under certain federal constitutional amendments ("cruel and unusual punishment"), *id*. State Compl. 3, and the claim apparently arose in a state prison; however, there are no specific, unambiguous references to any federal statute or treaty, nor are there specific, unambiguous

statements about any federal constitutional provision allegedly violated. Instead, Plaintiff specifically couches his allegations in "negligence" and states in his state court complaint: "This action is filed pursuant to 15-78-10 tort claim act." *Id.*, State Compl. 4. Attach 1.

Finding some ambiguity on the face of the pleading insofar as its citations to state statutes, but use of several words or phrases commonly used in cases seeking relief under federal prisoner-related claims, the undersigned directed Plaintiff to inform the Court of his intended claims. Plaintiff responded that he "filed a state 'negligence' tort claim complaint pursuant to 15-78-10 S.C. Code," ECF No. 23, Reply 1, and asked this Court to remand this case to state court. *Id.* Defense counsel has not objected to the request for remand or otherwise responded to the initial Order.

## DISCUSSION

It is well settled federal law that removal jurisdiction is to be strictly construed against removal and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). It is also basic federal law that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *see also Addison v. Charleston County Public Defenders*, NO. CA 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec 08, 2011).

Because a complaint is filed by prisoner and the facts arise from prison conditions or conditions that resulted in imprisonment does not invariably mean that the claims raised in the complaint are being made "under the United States Constitution and 42 USC § 1983." ECF No. 1. Instead, as the master of his complaint, a state prisoner, as here, can pursue legal issues arising in the prison context in state court and relying on state law without reliance on federal statutes.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392n (1987); *see, e.g., McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV.A. 06–CV–197KSF, 2006 WL 2583375, *6 (E.D.Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited"). As set forth above, Plaintiff specifically indicates no intent to pursue federal claims in this action when questioned about his intent by the Court. Thus, this case should be remanded to the Court of Common Pleas for Richland County.[1]

## RECOMMENDATION

The law in this Circuit is unclear whether an order or a Report and Recommendation should be entered in this case, *see Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249 (D.S.C.1992); *see also Bryant v. Magnum Motor Lines*, 42 F.3d 1385 (4th Cir. 1994) (unpublished opinion recognizing the lack of clarity in circuit precedent; dismissing appeal from remand by magistrate order). In *First Union Mortg. Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000), however, the Court of Appeals for the Tenth Circuit held that a remand order is a dispositive action that must be made by a district court to survive Article III scrutiny. Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Court of Common Pleas for Richland County without prejudice to Defendants' rights to file responses to any of Plaintiff's filings in the state court.

Because this is only a recommendation, **IT IS ORDERED** that the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Richland County.

---

[1] The pending Motion to Amend/Correct submitted by Plaintiff before the entry of the initial Order in this case should be denied as moot in light of the recommendation for remand contained herein. ECF No. 13.

3

If both parties in this case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

The parties' attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 30, 2013  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).